Thorne v. Southern Illinois Ry. & Power Co., 206 Ill. App. 262.

facts may be recovered back in an action of assumpsit under the count for money had and received.

3. ASSUMPSIT, ACTION OF, § 44*—*when for money had and received lies.* Assumpsit for money had and received may be maintained whenever the defendant has obtained money belonging to the plaintiff which in equity and good conscience he has no right to retain, as in such case the law implies a promise to pay.

4. BANKS AND BANKING, § 119*—*when deposit slip is admissible in action by bank to recover money erroneously credited in pass book.* In an action by a bank to recover money credited by mistake to a depositor in his pass book instead of entering such deposit in the book of the depositor who made the deposit, *held* that the deposit slip showing a deposit by such other depositor was properly admitted in evidence, it being a part of the. *res gestœ.*

---

**M. E. Thorne, Appellee, v. Southern Illinois Railway & Power Company, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Action by M. E. Thorne, plaintiff, against the Southern Illinois Railway & Power Company, defendant, to recover damages for the killing of a cow. From a judgment for plaintiff for $75, defendant appeals.

WHITLEY & COMBE, for appellant; MARSH, STILWELL & FINNEY, of counsel.

A. E. SOMERS, for appellee.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Thorne v. Southern Illinois Ry. & Power Co., 206 Ill. App. 262.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 144*—*when instructions in action for death of animal are erroneous as invading province of jury on question of contributory negligence.* In an action against an interurban street railway company to recover damages for the killing of a cow, where it appeared that the cow was tied with a long rope to a tree in a yard of the plaintiff, in such a position that the animal could go from such yard to the adjacent street and onto the track on the defendant's right of way, and that as the defendant's car was approaching, the motorman, who saw the cow some distance ahead, cut off the power and applied the air brake and then released the brake and permitted the car to coast towards the cow until within about six or eight feet of her, when she turned or backed onto the track and was struck, and where instructions were given that, even though the jury believed that the plaintiff permitted the cow to be tied in the front yard of the plaintiff with a rope of sufficient length so that she could get onto or near the track of the defendant, such action would not in law amount to such contributory negligence as would prevent a recovery, provided the jury further believed that the plaintiff was otherwise entitled to recover, but that the jury might take into consideration all the facts and circumstances shown in evidence in making up their verdict, *held* that such instructions were erroneous as they took from the jury the question of contributory negligence.

2. INSTRUCTIONS, § 120*—*when refusal proper.* The refusal of instructions stating correct principles of law, which, however, are not applicable to the facts of the case, does not constitute error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.